108 F.3d 1369
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Joseph Malomo AJIBOLA, Plaintiff-Appellant-Cross-Appellee,
v.
SABENA BELGIUM AIRLINE, Defendant-Appellee-Cross-Appellant.
 Nos. 96-7974(L), 96-9007.
 United States Court of Appeals, Second Circuit.
 March 25, 1997.
 
 Appearing for Appellant: Joseph Malomo Ajibola, pro se, Brooklyn, New York.
 Appearing for Appellee: Peter D. Fenzel, New York, New York.
 Before FEINBERG, CARDAMONE and WINTER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed and the cross-appeal is dismissed as moot.
 
 
 3
 Joseph Malomo Ajibola, pro se, appeals from Judge Haight's grant of summary judgment to Sabena Belgium Airlines ("Sabena") in Ajibola's action seeking damages for breach of contract. Sabena cross-appeals from Judge Haight's denial of its motion for summary judgment on the issue of limited liability under the Warsaw Convention.
 
 
 4
 On Ajibola's appeal, we affirm for substantially the reasons stated by the district court. See Ajibola v. Sabena Belgium Airline, 95 Civ. 2479(CSH), 1996 WL 383133 (S.D.N.Y. July 9, 1996).
 
 
 5
 On appeal, Ajibola further argues that Sabena's role was not to import the hats, but only to transport them to the United States and that therefore the contract was not illegal. Ajibola is mistaken. Sabena was contracted to carry the hats from Nigeria to the United States, which is clearly an act of importation. See, e.g., Cunard Steamship Co. v. Mellon, 262 U.S. 100, 122 (1923) (importation "consists in bringing an article into a country from the outside.... Entry through a custom house is not of the essence of the act."); United States v.1903 Obscene Magazines, 907 F.2d 1338, 1341 (2d Cir.), cert. denied, 498 U.S. 984 (1990).
 
 
 6
 Ajibola also makes numerous unsupported allegations on appeal. We see no reason to consider issues raised for the first time on appeal, see, e.g., Singleton v. Wulff, 428 U.S. 106, 120-21 (1976); Rodick v. City of Schenectady, 1 F.3d 1341, 1347 (2d Cir.1993), and Ajibola's assertions are in any event unsupported by any evidence.
 
 
 7
 We therefore affirm and dismiss Sabena's cross-appeal as moot.